* Judge Lane
delivered the opinion of the court:
The general rule that no alienation of property is permitted whilst a suit is pending in relation to it, either in law or equity, is familiar and well settled. 3 Ohio, 542 ; 5 Ohio, 462.
It is assumed ’that when the.right to recover, in the bill in equity, was taken away, by the reversal of the judgment, the suit ceased to be pending; so far as to bind the property. We are not satisfied that this position is a sound one. No such distinction is to be found in the books. But the doctrine seems plain that by the institution of a suit, the subject of litigation is placed beyond the power of the parties to it; that whilst the suit continues in court, it holds the property to respond to the final judgment or decree. This suit, instituted in 1831, was regularly continued until the final decree in 1835. The supplemental bill was engrafted into the original bill, and became identified with it. The whole was a lis pendens, effectually preventing an intermediate alienation. Judgment for plaintiff.